IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HECTOR MANUEL VASQUEZ CARRETO,

      Petitioner,

v.                                                                    No. 2:26-cv-00515-DHU-SCY

KRISTI NOEM, Secretary, U.S. Department of
Homeland Security; TODD LYONS, Acting
Director, Immigration and Customs Enforcement;
MARISA FLORES, Acting Director, El Paso Field
Office; PAMELA BONDI, U.S. Attorney General;
DORA CASTRO, Warden, Otero County Processing
Center,

      Respondents.

## ORDER GRANTING HABEAS PETITION

This matter comes before the Court on Petitioner Hector Manuel Vasquez Carreto's

Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs and

the relevant and applicable law, the Court finds that the Petition should be **GRANTED IN PART**.

## I.
## BACKGROUND

Petitioner Hector Manuel Vasquez Carreto is a citizen of Guatemala, who entered the

United States without inspection in approximately 2004. *Id.* at ¶ 38. Twenty-one years later,

Petitioner was arrested by Immigration and Customs Enforcement ("ICE") while traveling to work

along the George Washington Memorial Parkway in Virginia. *Id.* at ¶¶ 1, 41. He was subsequently

detained at the Otero County Processing Center in Chaparral, New Mexico. *Id.* at ¶ 43. Petitioner

alleges that he was wrongfully classified as an "applicant for admission" and therefore denied the

opportunity for release on bond in violation of the Immigration and Nationality Act ("INA"), 8

1

U.S.C. § 1226(a), and his due process rights. *Id.* at ¶¶ 49-55. The Petition asks the Court to declare that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225 and to either: (1) order Petitioner's immediate release from custody; (2) require Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days, or (3) order Petitioner's release upon payment of bond as previously ordered by the Immigration Judge. *Id.* at 15.

About one week after filing his habeas petition, Petitioner filed a Motion for Immediate Release. Doc. 4. In the motion, Petitioner explains that he was provided a bond hearing while in detention, but bond was denied when the Immigration Judge ("IJ") found he lacked jurisdiction to enter a bond. *Id.* at 2. However, the IJ found, in the alternative, that if he *did* have jurisdiction, he would set bond at $3,000. *Id.* The Motion asked this Court to order Petitioner's immediate release upon payment of $3,000 bond. *Id.* This Court construed Petitioner's motion as a Motion for Temporary Restraining Order ("TRO") and granted Petitioner's request for release on $3,000 bond. Doc. 5.

In its Response, filed after Petitioner was released from custody, the Government does not dispute the facts alleged by Petitioner and acknowledges that because Petitioner's removal order is not final, he is subject to the detention provisions of § 1225 or § 1226. *See* Doc. 14. Relying on the BIA's decision in *Matter of Yajure Hurtado*, Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because he was present in the United States without being admitted or paroled. *Id.* at 2. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, Case No. 2:25-cv-01076. *Id.* And the Government concedes that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

2

**II.**
**LEGAL STANDARDS**

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing he is being unlawfully detained in violation of the INA and his Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

**III.**
**DISCUSSION**

This case is not the first of its kind in this Court. In fact, as the Government acknowledges in its Response, the Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman v. Castro et al.*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also Velasquez Salazar v. Dedos et al.*, --F.Supp.3d--, 2025 WL 2676729 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 (D.N.M. Feb. 2, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293 (D.N.M. Feb. 5, 2026); *Chen v. Unknown Warden*, No. 1:26-cv-00125 (D.N.M. Feb. 19, 2026); *Castellanos Haro v. Noem*, No. 2:26-cv-00175 (D.N.M. Feb. 26, 2026). Because the facts here are

3

not materially different than those the Court analyzed in previous cases, *see* Doc. 14 at 2, the Court's conclusion is the same.

Following its decisions in *Requejo Roman* and *Salazar*, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under § 1226 and are entitled to a bond hearing.[1] Petitioner, who entered the United States approximately twenty-one years ago, is properly detained pursuant to § 1226 and, therefore, entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of bond deprived Petitioner of his due process rights. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, --F. Supp. 3d --, 2026 WL 125681.

To remedy this due process violation, the Court finds that the appropriate remedy is to release Petitioner on $3,000 bond, which the IJ found, in the alternative, was appropriate to attenuate any flight risk concerns. The Court's previous TRO ordered Petitioner's release on bond and enjoined his re-detention absent due process. By granting in part the Petition now, the Court makes that preliminary relief permanent.

---

[1] The Court notes that the Second, Sixth and Eleventh Circuit Courts of Appeals have analyzed this issue and reached the same conclusion. *See Barbosa da Cunha v. Freden*, -- F.4th--, 2026 WL 1146044 (2nd Cir. 2026); *Lopez-Campos v. Raycraft*, --F.4th--, 2026 WL 1283891 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, -- F.4th--, 2026 WL 1243395 (11th Cir. 2026). The Court also acknowledges that the Fifth Circuit and Eight Circuit Courts of Appeals have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals has not yet addressed the issue.

## IV.
## CONCLUSION

For the reasons stated above, and articulated in greater detail in *Requejo Roman v. Castro et al.*, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that the preliminary relief ordered by this Court, Doc. 5, is permanently extended. Respondents remain **RESTRAINED** from re-detaining Petitioner unless they provide notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that revocation of Petitioner's release is warranted and that he is a danger to his community or a flight risk.

Petitioner may submit an application for attorney's fees within 30 days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application for fees no later than 14 days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE